# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, MIDWEST OPERATING ENGINEERS HEALTH AND WELFARE FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS, and CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| PURDUE PHARMA L.P., PURDUE PHARMA, INC., PURDUE FREDERICK COMP ANY, INC., RHODES PHARMACEUTICALS, CEPHALON, INC., TEVA PHARMACEUTICAL INDUSTRIES; LTD., TEVA PHARMACEUTICALS USA, INC., ENDO INTERNATIONAL PLC, JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMAEUTICA, INC., NORAMCO, INC., ENDO HEAL TH SOLUTIONS, INC., ENDO PHARMACEUTICALS, INC., ALLERGAN PLC, ACTAVIS PLC, WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ACTAVIS PHARMA, INC., ACTAVIS LLC, MALLINCKRODT PLC, MALLINCKRODT LLC, AMERICAN ACADEMY OF PAIN MEDICINE, AMERICAN GERIATRIC SOCIETY, AMERICAN PAIN SOCIETY, AMERISOURCEBERGEN CORPORATION, CARDINAL HEAL TH, INC., MCKESSON CORPORATION, PAUL MADISON, and JOSEPH GIACCHINO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 1:19-cv-00811

**MCKESSON'S MOTION TO STAY PROCEEDINGS
PENDING LIKELY TRANSFER TO MULTIDISTRICT LITIGATION**

**INTRODUCTION**

This action by Plaintiffs International Union of Operating Engineers, Local 150, Midwest Operating Engineers Health and Welfare Fund, Chicago Regional Council of Carpenters, and Chicago Regional Council of Carpenters Welfare Fund ("Plaintiffs") is one of hundreds of related lawsuits asserting claims against pharmaceutical manufacturers, pharmaceutical distributors, and physicians arising out of the sale, marketing, and distribution of prescription opioid medications. Concurrently with the start of proceedings in this Court, the Judicial Panel on Multidistrict Litigation ("JPML") is deciding whether to transfer this action to a multidistrict litigation pending before Judge Dan Polster in the Northern District of Ohio (the "MDL"), where the case would join other opioid-related actions involving common factual allegations, common legal issues, and common defendants.

In light of this action's likely transfer to the MDL, McKesson Corporation requests that the Court stay all proceedings until the JPML makes a final transfer decision.

It is important to note at the outset that, in the preceding months, *three separate* judges in the Northern District of Illinois have granted this or substantially similar relief in nearly identical circumstances. On August 10, 2018, Judge John Z. Lee of the Northern District of Illinois granted a substantially similar motion to stay in a case in which the same plaintiffs' counsel filed a virtually identical complaint against the exact same group of defendants, and raised the exact same jurisdictional issues Plaintiffs raise in this case. Order, *Village of Melrose Park v. Purdue Pharma L.P.*, No. 1:18-cv-05288 (N.D. Ill. Aug. 10, 2018), ECF No. 26 (attached as **Exhibit 1**). On October 16, 2018, Judge Lee denied the plaintiffs' motion to lift that stay. *Id.*, ECF No. 64. Shortly thereafter, Judge Sarah L. Ellis, also of this district, took a similar approach in another opioid-related action, deferring assessment of a pending remand motion until after the JPML was

scheduled to consider the issue of transfer at its next available hearing. Order, *City of Harvey v. Purdue Pharma L.P.*, No. 1:18-cv-05756 (N.D. Ill. Sept. 19, 2018), ECF No. 46 (attached as **Exhibit 2**). Finally, on October 29, 2018, Judge Thomas M. Durkin granted a motion to stay in a virtually identical complaint against the exact same group of defendants, raising the exact same jurisdictional issues Plaintiffs have raised in this case. Order, *Intergovernmental Risk Management Agency et al. v. McKesson Corp.*, No. 1:18-cv-06959 (N.D. Ill. Oct. 29, 2018), ECF No. 10 (attached as **Exhibit 3**). Not granting a similar stay or deferral in this case would subject the same parties and counsel to the risk of inconsistent results within this district on the same allegations and legal issues.

The balance of interests favors a stay. *First*, any preliminary assessment of jurisdiction in this case should lead this Court to conclude that removal was not "improper," which is all that is required to consider a stay. *Second*, a stay will promote judicial efficiency: If this case is transferred to the MDL, a single judge will be able to rule on remand motions and other pretrial matters in this and all other related cases (including the two virtually identical cases recently removed to this District, which will transfer to the MDL at the end of November). A stay will ensure consistent rulings and conservation of the courts' and the parties' resources. *Third*, a temporary stay will not prejudice Plaintiffs because any delay resulting from a stay would be minimal. *Fourth*, and finally, the lack of a stay would impose unnecessary and unwarranted hardships on Defendants by forcing them to proceed in a separate, potentially unnecessary forum and exposing them to the risk of inconsistent decisions.

**I.      BACKGROUND**

On December 5, 2017, the JPML formed MDL 2804 in the Northern District of Ohio to coordinate the resolution of hundreds of opioid-related actions then pending in federal court. *See*

JPML Dkt.[1] No. 328, attached as **Exhibit 4.** In its decision to transfer the first wave of cases for consolidated pretrial proceedings, the JPML found that the actions "implicate[d] common fact questions as to the allegedly improper marketing and widespread diversion of prescription opiates into states, counties and cities across the nation[.]" *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378-79 (J.P.M.L. 2017).

In total, the JPML has transferred more than 1,400 actions to the MDL, including cases originating from this Court. *See, e.g.*, JPML Dkt. No. 368 (finalizing CTO-1 and transferring *Chicago v. Purdue Pharma L.P.*, No. 1:14-cv-04361 (N.D. Ill.), along with 114 other actions); JPML Dkt. No. 1053 (finalizing CTO-17 and transferring *Illinois v. AmerisourceBergen Drug Corp.*, No. 3:18-cv-50093 (N.D. Ill.) and *Rockford v. AmerisourceBergen Drug Corp.*, No. 3:18-cv-50092 (N.D. Ill.), along with 24 other actions); JPML Dkt. No. 962 (finalizing CTO-15 and transferring *Chicago v. Cardinal Health, Inc.*, No. 1:18-cv-01639 (N.D. Ill.), along with 22 other actions).[2] As new cases are filed across the country each week, the JPML continues—and will continue—to transfer more actions to the MDL.

---

[1] "JPML Dkt." refers to the JPML's docket in *In re National Prescription Opiate Litigation*, MDL No. 2804 (J.P.M.L.). "Dkt." refers to this Court's docket in *City of Harvey v. Purdue Pharma, L.P.*, No. 1:18-cv-05756 (N.D. Ill.).

[2] *See also* JPML Dkt. No. 368 (CTO-1) (transferring 115 actions); JPML Dkt. No. 401 (CTO-2) (transferring eight actions); JPML Dkt. No. 525 (CTO-3) (transferring 35 actions); JPML Dkt. No. 546 (CTO-4) (transferring 33 actions); JPML Dkt. No. 601 (CTO-5) (transferring 44 actions); JPML Dkt. No. 654 (CTO-6) (transferring 16 actions); JPML Dkt. No. 668 (CTO-7) (transferring eight actions); JPML Dkt. No. 716 (CTO-8) (transferring 12 actions); JPML Dkt. No. 753 (CTO-9) (transferring 19 actions); JPML Dkt. No. 772 (CTO-10) (transferring 18 actions); JPML Dkt. No. 779 (CTO-11) (transferring 19 actions); JPML Dkt. No. 817 (CTO-12) (transferring five actions); JPML Dkt. No. 871 (CTO-13) (transferring eight actions); JPML Dkt. No. 899 (CTO-14) (transferring six actions); JPML; JPML Dkt. No. 985 (CTO-16) (transferring 15 actions); JPML Dkt. No. 1123 (CTO-18) (transferring 38 actions); JPML Dkt. No. 1174 (CTO-19) (continued…)

Plaintiffs filed this opioid lawsuit in the Circuit Court of Cook County, and McKesson removed the action to this Court based on federal question jurisdiction. Notice of Removal, Dkt. No. 1. Specifically, although Plaintiffs ostensibly plead their theories of recovery against Defendants as state-law claims, the underlying theory of liability is based on Defendants' alleged duties arising out of federal law, specifically the Controlled Substances Act and related regulations. *Id.* Accordingly, federal question jurisdiction exists because Plaintiffs' state-law claims necessarily raise a federal issue that is actually disputed and substantial and which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Id.* ¶¶ 20-46.

Upon removal, Cardinal Health filed a notice with the JPML tagging this case for potential transfer to the MDL. *See* JPML Dkt. No. 3740. On February 13, the JPML issued a conditional transfer order based on this notice. *Id.*, Dkt. No. 3751. Should Plaintiffs oppose transfer, the JPML will stay its conditional order and issue a briefing schedule.

The JPML will likely make a final transfer decision shortly after its next available hearing on March 28, 2019.

**II.    ARGUMENT**

It is well established that this Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

---

(transferring 27 actions); JPML Dkt. No. 1182 (CTO-20) (transferring 16 actions); JPML Dkt. No. 1200 (CTO-21) (transferring 34 actions); JPML Dkt. No. 1231 (CTO-22) (transferring 17 actions); JPML Dkt. No. 1243 (CTO-23) (transferring nine actions); JPML Dkt. No. 1268 (CTO-24) (transferring seven actions); JPML Dkt. No. 1316 (CTO-25) (transferring 11 actions); JPML Dkt. No. 1390 (CTO-26) (transferring four actions); JPML Dkt. No. 1416 (CTO-27) (transferring 17 actions); JPML Dkt. No. 1422 (CTO-28) (transferring six actions).

and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consistent with this power, courts regularly stay proceedings and defer consideration of remand motions where, as here, a case will likely transfer to the MDL. The rationale is straightforward: If the case transfers to the MDL, the transferee judge can rule on the remand motion in conjunction with all other remand motions presenting the same issue, along with all other pretrial matters, thereby preserving judicial resources, ensuring consistent decisions, and avoiding the risk of inconsistent litigation.

In addition to the three recent decisions by Judge Lee, Judge Ellis, and Judge Durkin deferring consideration of pending remand motions, courts in this Circuit routinely stay cases pending a final transfer decision to an MDL. *See Tench v. Jackson Nat. Life Ins. Co.*, No. 1:99-CV-05182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999) (staying case and deferring consideration of remand motion pending JPML's final transfer decision, noting that "pending a decision by the MDL Panel whether to add a case, stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources"); *see also Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985, 992 (C.D. Ill. 2011) (granting stay and denying remand motion pending JPML final transfer decision); *Feeney v. Bayer Corp.*, No. 1:10-CV-03696, 2010 WL 3829353, at *2 (N.D. Ill. Sept. 23, 2010) (same); *Walker v. Merck & Co., Inc.*, No. 05-CV-360-DRH, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (granting stay and deferring consideration of remand motion pending final decision on transfer to MDL); *Bd. of Trustees of Teachers' Ret. Sys. of State of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 906 (N.D. Ill. 2002) (same).

In deciding whether to stay proceedings, courts consider three factors: "(1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3)

potential prejudice to the non-moving party." *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

Considering the same or similar factors, federal district courts in more than 30 opioid-related cases like this one have stayed proceedings in similar circumstances.[3] Recently, Judge Lee

---

[3] *See, e.g.*, *Chicago v. Janssen Pharm. Inc. et al.*, No. 1:14-cv-4361 (N.D. Ill. Nov. 16, 2017), ECF No. 659 (granting Defendants' opposed motion for "stay pending decision by JPML on a motion to transfer"); *Cty. of Wayne v. Purdue Pharma L.P.*, No. 4:17-cv-13334 (E.D. Mich. Nov. 15, 2017), ECF No. 29 (finding a stay "appropriate in order to allow the [JPML] to hear and rule on the consolidation motion"); *Lewis v. Purdue Pharma, L.P.*, No. 5:17-cv-05118 (W.D. Ark. Oct. 25, 2017), ECF No. 57 (holding deadlines and hearing dates in abeyance); *see also Cty. of Knott v. Purdue Pharma L.P.*, No. 7:18-CV-00006 (E.D. Ky. Jan. 31, 2018), ECF No. 12, at *1; *Anderson Cty. v. AmerisourceBergen Drug Corp.*, No. 3:17-cv-00070 (E.D. Ky. Nov. 3, 2017), ECF No. 19, at *1; *Boone Cty. v. AmerisourceBergen Drug Corp.*, No. 2:17-cv-00157 (E.D. Ky. Nov. 3, 2017), ECF No. 23, at *1; *Boyle Cty. v. AmerisourceBergen Drug Corp.*, No. 5:17-cv-00367 (E.D. Ky. Nov. 3, 2017), ECF No. 19, at *1; *Campbell Cty. v. AmerisourceBergen Drug Corp.*, No. 2:17-cv-00167 (E.D. Ky. Nov. 3, 2017), ECF No. 21, at *1; *Garrard Cty. v. AmerisourceBergen Drug Corp.*, No. 5:17-cv-00369 (E.D. Ky. Nov. 3, 2017), ECF No. 20, at *1; *Fleming Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00368 (E.D. Ky. Nov. 3, 2017), ECF No. 18, at *1; *Harlan Cty. v. AmerisourceBergen Drug Corp.*, No. 6:17-cv-00247 (E.D. Ky. Nov. 3, 2017), ECF No. 19, at *1; *Knox Cty. v. AmerisourceBergen Drug Corp.*, No. 6:17-cv-00248 (E.D. Ky. Nov. 3, 2017), ECF No. 20, at *1; *Leslie Cty. v. AmerisourceBergen Drug Corp.*, No. 6:17-cv-00249 (E.D. Ky. Nov. 3, 2017), ECF No. 20, at *1; *Lincoln Cty. v. AmerisourceBergen Drug Corp.*, No. 5:17-cv-00370 (E.D. Ky. Nov. 3, 2017), ECF No. 20, at *1; *Madison Cty. v. AmerisourceBergen Drug Corp.*, No. 5:17-cv-00371 (E.D. Ky. Nov. 2, 2017), ECF No. 21, at *1; *Nicholas Cty. v. AmerisourceBergen Drug Corp.*, No. 5:17-cv-00373 (E.D. Ky. Nov. 2, 2017), ECF No. 21, at *1; *Franklin Cty. v. AmerisourceBergen Drug Corp.*, No. 3:17-cv-00071 (E.D. Ky. Nov. 2, 2017), ECF No. 19, at *1; *Henry Cty. v. AmerisourceBergen Drug Corp.*, No. 3:17-cv-00073 (E.D. Ky. Nov. 2, 2017), ECF No. 20, at *1; *Shelby Cty. v. AmerisourceBergen Drug Corp.*, No. 3:17-cv-00072 (E.D. Ky. Nov. 2, 2017), ECF No. 20, at *1; *Kenton Cty. v. AmerisourceBergen Drug Corp.*, No. 2:17-cv-00182 (E.D. Ky. Nov. 28, 2017), ECF No. 25, at *1; *Bell Cty. v. AmerisourceBergen Drug Corp.*, No. 6:17-cv-00246 (E.D. Ky. Oct. 27, 2017), ECF No. 21, at *1; *City of Lorain v. Purdue Pharma, L.P.*, No. 1:17-cv-01639 (N.D. Ohio Oct. 27, 2017), ECF. No. 66; *Boyd Cty. v. AmerisourceBergen Drug Corp.*, No. 0:17-cv-00104 (E.D. Ky. Oct. 27, 2017), ECF No. 19, at *1; *Greenup Cty. v. AmerisourceBergen Drug Corp.*, No. 0:17-cv-00105 (E.D. Ky. Oct. 27, 2017), ECF No. 19, at *1; *Clay Cty. v. AmerisourceBergen Drug Corp.*, No. 6:17-cv-00255 (E.D. Ky. Oct. 27, 2017), ECF No. 20, at *1; *Pendleton Cty. v. AmerisourceBergen Drug Corp.*, No. 2:17-cv-00161 (E.D. Ky. Oct. 27, 2017), ECF No. 23, at *1; *Whitley Cty. v. AmerisourceBergen Drug Corp.*, No. 6:17-cv-00250 (E.D. Ky. Oct. 27, 2017), ECF No. 19, at *1; *Kentucky, ex rel. Beshear v. McKesson Corp.*, No. 3:18-cv-00010-GFVT (E.D. Ky. Apr. 12, 2018), slip op. at *3.

held that a stay was warranted in another opioid-related lawsuit brought in Illinois state court and removed to this District, alleging nearly identical claims against the same defendants. **Exhibit 1**. Judge Lee determined that "a preliminary assessment of the jurisdictional issues suggests they are legally and factually difficult . . . [and] precisely the same as those being litigated in other cases that have already been transferred to the MDL," and that "[w]ere this Court to rule on the motion to remand, there would be a likelihood of inconsistent results[.]" *Id.* Moving on to the traditional stay factors, Judge Lee found that "the slight delay in Plaintiffs' obtaining a ruling on their motion to remand is outweighed by the interests in judicial economy and the prejudice caused by potentially inconsistent results[.]" *Id.* Thus, Judge Lee stayed the case pending the MDL's transfer decision, *Village of Melrose Park*, No. 1:18-cv-05288, ECF No. 26, and subsequently denied the plaintiffs' motion to lift the stay. *Id.*, ECF No. 64.

Judge Ellis reached a similar conclusion in another opioid-related action brought in Illinois state court and removed to this district. **Exhibit 2**. Presented with pending remand and stay motions, Judge Ellis extended the deadline for responsive pleadings, postponed status dates, and continued—without deciding—the remand motion until three weeks after the JPML's next hearing on November 29, during which the JPML was scheduled to consider whether to transfer the action. *City of Harvey*, No. 1:18-cv-05756, ECF No. 46. Instructing defendants "to report on transfer to [the] MDL court" at a mid-December hearing, Judge Ellis effectively deferred consideration of the remand motion until the JPML had an opportunity to make a transfer decision. *Id.* That case did transfer to the MDL in early December 2018.

Judge Durkin likewise granted a motion to stay on the same removal posture as this case. **Exhibit 3**.

Likewise, another court in the Seventh Circuit held, in a similar opioid case brought against a similar set of defendants, that "[s]taying the proceedings so that one court can issue one ruling on a difficult issue appears to be the best option for all involved." Opinion and Order at 4, *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. McKesson Corp.*, No. 3:18-cv-00286 (W.D. Wis. May 25, 2018), ECF No. 26 at 4 (attached as **Exhibit 5**). And other federal courts faced with similar opioid lawsuits against similar defendants have reached the same conclusion as well. *See* Order Staying Action Pending JPML Action at 3, *County of San Mateo v. McKesson Corp.*, 3:18-cv-04535 (N.D. Cal. Aug. 28, 2018), ECF No. 22 ("Because 'the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred, judicial economy would be served by issuing the stay.'") (attached as **Exhibit 6**); Order Deferring Ruling on Motion to Remand and Order Denying Reconsideration, *City of Jacksonville v. Purdue Pharma L.P.*, No. 3:18-cv-751-J-32PDB (M.D. Fla., Aug. 22, 2018), ECF Nos. 43, 49 (attached as **Exhibit 7**); Order Granting Motions to Stay at 3, *Robinson Rancheria v. McKesson Corp.*, No. 3:18-cv-02525 (N.D. Cal. July 16, 2018), ECF No. 23 ("[A]ny hardship resulting from that delay [resulting from a stay] is outweighed by the benefits of centralized consideration of the jurisdictional issues raised in these [remand] motions.") (attached as **Exhibit 8**); Order at 3, *Kentucky v. McKesson Corp.*, No. 3:18-cv-00010 (E.D. Ky. Apr. 12, 2018), ECF No. 14 at 3 ("Judge Polster has indicated his desire to address motions to remand *collectively* . . . ." (emphasis added)) (attached as **Exhibit 9**).

The Court should reach the same result here.

    **A.**    **Removal Was Not Facially Improper.**

Courts facing a motion to stay and a likely motion to remand a case pending the JPML's final transfer decision need not decide whether federal jurisdiction ultimately exists, and "may stay

9

proceedings even where subject matter jurisdiction is uncertain." *Worldcom,* 244 F. Supp. 2d at 902. In particular, courts should "consider the motion to stay" so long as (1) "the jurisdictional issue appears factually or legally difficult," and (2) the issue is "similar or identical to those in cases transferred or likely to be transferred." *Meyers*, 143 F. Supp. 2d at 1049. This case meets both conditions.

*First*, the jurisdictional issues here are, at a minimum, "factually or legally difficult." As set forth more fully in McKesson's notice of removal, Plaintiffs' state law claims against Distributor Defendants are predicated on allegations that Distributor Defendants breached a duty to identify, report, and refuse to fill suspicious orders of prescription opioids to Illinois pharmacies. *See* Notice of Removal, Dkt. No. 1, ¶ 26. Plaintiffs appear to acknowledge that the source of this duty to report or halt suspicious orders is the federal Controlled Substances Act ("CSA") and its implementing regulations and that these federal obligations are, at best, "incorporated into Illinois law." *Id.* ¶ 33.

Deciding the issue of federal question jurisdiction will thus raise complex questions involving application of the Supreme Court's decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), to Plaintiffs' novel attempt to enforce, through a state common law and consumer-protection statutes, the federal regulatory scheme governing sale and distribution of opioid medications. These questions include, *inter alia*, the existence and scope of alleged duties under the federal CSA; whether Plaintiffs may circumvent the lack of a private cause of action under the federal CSA by pleading violations of exclusively federal duties under the guise of state law; and whether adjudicating such claims in state court would disrupt the congressionally determined balance between federal and state responsibilities in regulating controlled substances. Far from being facially "improper," *Meyers*, 143 F. Supp. 2d at

10

1049, as this Court would need to find to consider any remand motion in full, removal in this case is warranted based on careful assessment of "difficult" and "thorny questions of law[.]" *Worldcom*, 244 F. Supp. 2d at 903.

*Second*, these questions are not only likely to arise in other cases that will transfer to the MDL, but are "precisely the same as those being litigated in other cases that have already been transferred to the MDL." *See, e.g., City of Paterson v. Purdue Pharma L.P.*, Case No. 2:17-cv-13433 (D.N.J.) (removed on ground that state law causes of action predicted on alleged violations of CSA raised substantial federal questions and transferred to MDL); *Northeast Carpenters Funds v. Purdue Pharma L.P.*, No. 2:18-cv-09973 (D.N.J.) (same); *City of Newark v. Purdue Pharma L.P.*, No. 2:18-cv-10310 (D.N.J.) (same); *see also N. Miss. Medical Ctr., Inc. v. McKesson Corp.*, No. 1:18-cv-00078 (N.D. Miss.) (removed on same grounds and awaiting transfer decision); *Cty. of Hudson v. Purdue Pharma L.P.*, No. 2:18-cv-09029 (D.N.J.) (same). "Were this Court to rule on the motion to remand, there would be a likelihood of inconsistent results." *Village of Melrose Park*, No. 1:18-cv-05288, ECF No. 26.

Because the jurisdictional questions at issue here are factually or legally difficult, and are identical to jurisdictional issues raised in other cases that may be transferred to the MDL, a stay is warranted. *See Meyers*, 143 F. Supp. 2d at 1049; *Worldcom*, 244 F. Supp. 2d at 905 ("It appears that the same issues have been raised in cases pending in California and West Virginia, which the Banks have requested the JPML to treat as 'tag-along' actions. Given the magnitude of the WorldCom debacle the number of comparable cases may very well increase. The court therefore proceeds to consider the Banks' request for a stay of proceedings.").

### B. A Stay Will Promote Judicial Economy and Strike the Appropriate Balance of Hardships.

In deciding whether to grant a stay pending a final transfer decision to the MDL, courts consider "(1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Meyers,* 143 F. Supp. 2d at 1053. Here, all three factors compel a stay.

#### 1. A stay will conserve judicial resources and prevent the risk of inconsistent outcomes.

Granting a stay will conserve judicial resources, prevent duplicative litigation, and ensure uniform adjudication. "[T]he preservation of judicial resources and the prevention of inconsistent rulings is, of course, a compelling public interest." *Ellis*, 798 F. Supp. 2d at 992. Thus, "pending a decision by the MDL Panel whether to add a case, stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources." *Tench*, No. 1:99-CV-05182, 1999 WL 1044923, at *1; *see also* (*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that are conserved.").

This case exemplifies those efficiencies. If the JPML transfers the case, the Northern District of Ohio will decide not only any remand motion Plaintiffs might file, but all other remand motions presenting similar issues as well as all other pretrial issues that this case shares in common with the hundreds of other opioid lawsuits already in the MDL—including the three nearly identical cases brought by the same plaintiffs' counsel that have been stayed and transferred to the MDL for consolidated consideration. *See* **Exhibits 1-3**. Allowing a single judge to rule on these issues would lead to consistent rulings and prevent duplicative judicial efforts.

Deferring consideration of any remand motion in the interest of judicial economy is especially appropriate where the issues presented in the remand motion are likely to arise in other cases in the MDL. *See Meyers*, 143 F. Supp. 2d at 1049 ("If the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred, judicial economy would be served by issuing the stay."). This circumstance is present here: as noted, the issue presented by any remand motion that Plaintiffs might file (*i.e.*, whether state law causes of action predicated on alleged violations of the Controlled Substances Act raise substantial federal questions) "are precisely the same as those being litigated in other cases that have already been transferred to the MDL." Simply put, any further judicial effort expended on this action by this Court will be wasted if the case is confirmed for transfer to the MDL. *See Ellis*, 798 F. Supp. 2d at 992 ("Should the present case be successfully transferred to the MDL, there would be little or no reason for this Court to expend its resources in the meantime to no avail."); *Worldcom*, 244 F. Supp. 2d at 905 ("Having one court rather than three decide complex jurisdictional issues obviously saves judicial resources."); *Merck*, No. 05-CV-360-DRH, 2005 WL 1565839, at *2 ("[J]udicial economy weighs in favor of granting a stay . . . it is almost certain that the transferee court will hear and decide many of the same issues Plaintiffs ask this Court to tackle in ruling on their motion to remand."). By contrast, if the case ultimately is not transferred, this Court may simply engage with the issues following the JPML's decision.

A stay will also ensure consistent adjudication of the issues this case shares with others in the MDL—both as to the claims and allegations that this case shares with hundreds of other cases and as to the federal question jurisdiction issue that this case shares with still others. Granting a stay in this instance would avoid "[the] likelihood of inconsistent results" that would arise from ruling on the remand motion. **Exhibit 1**, *Village of Melrose Park*, No. 1:18-cv-05288, ECF No.

26. Faced with similar circumstances, this Court has stayed proceedings to preserve judicial resources, prevent redundant litigation, and ensure consistent adjudication. *See, e.g., Tench*, No. 1:99-CV-05182, 1999 WL 1044923, at *1 ("This issue may arise again in other actions against [Defendant], so resolution by Judge McKeague in a single forum will ensure consistency and avoid duplicative efforts.").

### 2. Plaintiffs will not be prejudiced by a brief stay.

Plaintiffs will not be prejudiced by a brief stay of the proceedings pending the JPML transfer decision. Because this case has already been tagged for transfer to the MDL, any delay to the proceedings would be "slight" given that "a decision on whether this case will also be transferred is expected shortly." *Estate of Hoholek v. AbbVie, Inc.*, No. 2:14-CV-405, 2014 WL 7205586, at *3 (N.D. Ind. Dec. 17, 2014).

In particular, Plaintiffs will not be prejudiced if this Court were to defer consideration of any remand motion it may file pending the JPML's final transfer decision. If the JPML decides to transfer this case, Plaintiffs will have the opportunity to present a motion to remand or any other jurisdictional arguments in the Northern District of Ohio. *See, e.g.*, *Tench*, No. 1:99-CV-05182, 1999 WL 1044923, at *2 ("A stay would be for only the limited period until the MDL Panel decides whether to consolidate the instant action, then Ms. Tench may proceed with all of her desired motions."). Given that there is "no reason to believe that a ruling on [any] remand issue would be substantially delayed[,]" there is similarly "no reason to believe that delay would be particularly injurious to this Plaintiffs in this case." *Meyers*, 143 F. Supp. 2d at 1053. As this Court found with respect to nearly identically positioned plaintiffs, "the slight delay in Plaintiffs' obtaining a ruling on their motion to remand is outweighed by the interests in judicial economy

and the prejudice caused by potentially inconsistent results." **Exhibit 1**, *Village of Melrose Park*, No. 1:18-cv-05288, ECF No. 26.

### 3. Defendants would be harmed if forced to litigate in this Court.

By contrast, denying a stay would needlessly harm Defendants.[4] Defendants are involved in more than thirteen hundred opioid-related lawsuits across the country, and the central goal of the MDL is to consolidate these actions in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017). Allowing this case to proceed on a separate track from these actions would frustrate the purpose of the MDL.

Absent a stay, Defendants would be subjected to duplicative litigation in multiple, geographically disparate fora. As this Court has recognized, "litigating essentially the same claims in courts all over the country is no doubt burdensome." *Worldcom*, 244 F. Supp. 2d at 902; *see also Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) ("[Plaintiffs'] cursory assertions of prejudice do not outweigh the disadvantages of litigating identical claims in a multitude of venues."). Furthermore, proceeding in multiple fora would expose Defendants to "the risk of inconsistent rulings" on recurring questions of law and fact, *Worldcom*, 244 F. Supp. 2d at 902, which could otherwise "be prevented by staying this matter." *AbbVie*, No. 2:14-CV-405, 2014 WL 7205586, at *3.

---

[4] Although McKesson is filing this motion to stay, the risks of duplicative litigation and inconsistent findings of law and fact that would result from a denial of a stay apply to all defendants named in this action.

## **CONCLUSION**

For these reasons, McKesson respectfully requests that the Court stay all proceedings in this case until the JPML decides whether to transfer this case to the MDL.

February 15, 2019

*/s/* Daniel L. Stanner
Daniel L. Stanner
Kyle A. Cooper
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle Street, 7th Floor
Chicago, IL 60604
Telephone: (312) 762-9450
Facsimile: (312) 762-9451
ctabet@tdrlawfirm.com
dstanner@tdrlawfirm.com
kcooper@tdrlawfirm.com

*Attorneys for McKesson Corporation*